# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 17-cr-03077-02-SRB |
| GERALD E. POPE, | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant Gerald E. Pope's Memorandum of Law in Support of Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. #653.) Upon review of the record, Defendant's motion is DENIED.

On September 16, 2019, Defendant pled guilty to Count 1 of the superseding information. That count charged Defendant with conspiracy to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(B). On February 21, 2020, the Court sentenced Defendant to 92 months of imprisonment. According to the Government, Defendant's current date of release is November 28, 2023.

On April 14, 2020, the Warden at FCI Forrest City denied Defendant's request for a compassionate release. Defendant, through counsel, then filed the pending motion on October 28, 2020. Defendant moves for a compassionate release in light of health concerns regarding COVID-19. Specifically, Defendant states that he suffers from hypertension, high cholesterol, Hepatitis C, and that he has tested positive for COVID-19. Defendant also states that at least 113 inmates have tested positive in his institution. Defendant further contends that a release is warranted under the

18 U.S.C. § 3553(a) factors, and that he has a "thorough release plan." In response, the Government contends that the record does not support a compassionate release.

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, a defendant with extraordinary and compelling reasons may be entitled to a compassionate release under 18 U.S.C. § 3582(c). The First Step Act of 2018 modified compassionate release under 18 U.S.C. § 3582 to state:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that – (i) extraordinary and compelling reasons warrant such a reduction; or (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A) (emphasis added). The movant bears the burden of proving he has satisfied the procedural prerequisites for judicial review and that extraordinary and compelling reasons justify a sentence reduction. *United States v. Dickerson*, No. 1:10-CR-17-HEA, 2020 WL 2841523, at *1 (E.D. Mo. June 1, 2020) (citation omitted).

Here, and assuming Defendant has fully exhausted his administrative remedies, the Court finds no extraordinary and compelling reason to reduce his sentence. The Government states that Defendant's "current medical conditions are elevated LDL cholesterol (hyperlipidemia) and elevated blood pressure (hypertension). Neither of which have the CDC determined to be in the high risk category." (Doc. #657, p. 7.) The Government further cites documents which suggest

that Defendant's Hepatitis C virus is resolved. With respect to Defendant's COVID-19 diagnosis, the Government cites records showing that he was asymptomatic.[1]

Based on the record, the Court agrees with the Government that Defendant has failed to show extraordinary and compelling circumstances that warrant a compassionate release. The record does not show that any medical condition prevents Defendant from providing self-care or from performing daily living activities. Although the Court is sensitive to the magnitude of the COVID-19 pandemic and the serious health concerns it presents, Defendant's age (44) and apparent health condition do not rise to the level of extraordinary and compelling circumstances warranting a sentence reduction. The Court further finds that Defendant has not shown that the § 3553(a) factors support a release. *See* 18 U.S.C. § 3582(c)(1)(A). Defendant's request for a compassionate release is therefore denied.

Accordingly, it is ORDERED that Defendant Gerald E. Pope's Memorandum of Law in Support of Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. #653) is DENIED. Defendant's request for home confinement is also denied.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH, JUDGE
UNITED STATES DISTRICT COURT

Dated: November 30, 2020

---

[1] The Government also notes that as of November 9, 2020, Forrest City (Medium) only had 4 contained active inmate cases of COVID-19. Defendant's reply argues this ignores the infection rates among staff, as well as reinfection rates. The parties' dispute on this issue does not materially impact the Court's resolution of the pending motion.